RECEIVED
FEB 17 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| KEVIN PETERSON | CIVIL ACTION NO. 04-1165-P |
| VERSUS | JUDGE HICKS |
| WARDEN VENETIA MICHAEL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Kevin Peterson, pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on May 14, 2004. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his prison disciplinary convictions for which he was sentenced to loss of good time credits and extended lock-down. He names Warden Venetia Michael as respondent.

Plaintiff claims that on July 22, 2002, Sgt. Woods issued a rule violation report charging him with Rule 30 s and w violations - general prohibited behavior. He claims that on July 24, 2002, the disciplinary board convicted him and sentenced him to extended lock-down and 180 days loss of good-time credits. He claims he then appealed to the Warden who remanded the matter to the disciplinary board for another hearing. Plaintiff claims he was found guilty of Rule 30 m and s violations and again sentenced to extended lock-down and



180 days loss of good-time credits. He claims his appeal was denied.

In support of this petition, Peterson alleges he is being illegally held beyond his release date because (1) his convictions and sentences violate the First and Fourteenth Amendments of the United States Constitution and Article 1 of the Louisiana State Constitution, (2) his convictions and sentences violate his due process rights, (3) he is being subjected to atypical hardships and cruel and unusual punishment and (4) he is innocent of the charges.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See

Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits that he did not seek review of his disciplinary convictions and sentences in the state courts. He claims exhaustion of state court remedies is not necessary because he is subject to immediate release if his petition is granted. Petitioner did not even attempt to seek review in the state courts. Therefore, Petitioner cannot claim that the remedies available in the state courts are inadequate to grant him the relief he seeks. Thus, Petitioner has failed to exhaust all available state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas corpus</u> be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings

and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 17th day of ~~January~~ February 2006.

**CC:SMH**

H:\PRO SE\2254\EXHAUST\Peterson.2-06.wpd

**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**